# Exhibit A

## STATE OF TENNESSEE
## SUMMONS

### IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE

Amy Blankenship
Plaintiff

_____
Plaintiff

vs.

Nissan North America, Inc.
Defendant

MB of Murfreesboro Nissan, LLC
Defendant

_____
Defendant

CIVIL ACTION NO. 22 CV 446

Service By:
☐ Sheriff
☒ Attorney
☐ Sec. Of State
☐ Comm. Of Insurance

To the above named Defendant: Nissan North America, Inc.

You are hereby summoned and required to serve upon Jay B. Jackson, plaintiff's attorney, whose address is 1016 E. College St., Murfreesboro, TN 37130 _____, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witnessed and issued, Debbie McMillan Barrett, Circuit Clerk for said Court at office this 7 day of Sept, 2022.

_____
Circuit Court Clerk

### NOTICE:

To the defendant(s): Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the terms you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Mail list, including docket number, to: Clerk Court Clerk, 135 4th Avenue South, Franklin, TN 37064.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that I served this summons together with the complaint as follows:

Check *one*: (1) or (2) are for the return of an authorized officer or attorney; an attorney's return must be sworn to; (3) is for the witness who will acknowledge service and requires the witness's signature.

- ❏ 1. I certify that on the date indicated below I served a copy of this summons on the witness stated above by _____

- ❏ 2. I failed to serve a copy of this summons on the witness because _____

- ❏ 3. I acknowledge being served with this summons on the date indicated below:

DATE OF SERVICE: _____

SIGNATURE OF WITNESS, OFFICER OR ATTORNEY: _____
ADDRESS OF PROCESS SERVER (TRCP 4.01 ) _____
Signature of Notary Public or Deputy Clerk: _____

Commission Expires: _____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case no. _____ to the defendant _____, on the _____ day of _____, 20____. I received the return receipt, which had been signed by _____ on the _____ day of _____, 20____. The return receipt is attached to this original summons to be filed by the Circuit Court Clerk.

_____            _____
Signature                                              Address (TRCP 4.01)

Sworn to and subscribed before me on this __ day of _____ 20____.

                                                       Commission Expires: _____
_____
Signature of Notary Public or Deputy Clerk

## CERTIFICATION (IF APPLICABLE)

I hereby certify this to be a true and correct copy of the original summons issued in this case.

_____
**CLERK**

For ADA assistance, please call ADA coordinator : 615-790-5466

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
AT FRANKLIN

| | |
|---|---|
| AMY BLANKENSHIP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. _____ |
| ) | JURY DEMAND |
| ) | |
| NISSAN NORTH AMERICA, INC., and ) | |
| MB OF MURFREESBORO NISSAN, LLC ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Comes now the Plaintiff, by and through her undersigned attorney, and sues the Defendants, among other reasons, pursuant to Tennessee Code Annotated Section 55-24-101, et seq, as follows:

1. The Plaintiff is a citizen and resident of Warren County, Tennessee.

2. The Defendant, Nissan North America, Inc., ("Nissan") is a Tennessee Corporation that does business in Williamson County, Tennessee ("Defendant"). The Defendant, MB of Murfreesboro Nissan, LLC, does business in Rutherford County, Tennessee and is a limited liability company authorized by Tennessee law. The only cause of action that applies to this Defendant is Count IV;

3. The Plaintiffs purchased a *2021 Nissan Altima; Vin# 1N4AL4CV7MN357006 ("Altima")* from the Defendant, Nissan North America Inc., through its authorized dealerships, Nissan of Cool Springs and Nissan of Murfreesboro ("Dealerships"), on September 9, 2021. A copy of the invoice is attached as Exhibit 1 to this Complaint. The Plaintiff has not modified the Vehicle or done any act to cause any damage to the Vehicle;

4. As part of this purchase, the Defendant, Nissan, issued to the Plaintiffs a written warranty concerning the vehicle. The Defendant manufactured the Vehicle;

5. On September 28, 2021, the check engine light came on when Plaintiff was driving and she took the vehicle to Defendant for service because;

6. On November 11, 2021, the maintenance light came on. Plaintiff took the vehicle in for service at Nissan of Murfreesboro and she was told that they replaced a part or the valve assembly.;

7. On November 13, 2021, the car malfunctioned again. The check engine light came back on and the vehicle stopped while accelerating. The Plaintiff contacted Nissan of Murfreesboro and Nissan of Cool Springs for the car to be taken in at Nissan of Cool Springs;

8. On November 13, 2021, Plaintiff was informed that the vehicle was being transported to Nissan of Murfreesboro. After two weeks at this dealership, the Plaintiff was informed that the vehicle's engine was blown. Nissan of Murfreesboro then replaced the engine or Plaintiff was told this;

9. On December 27, 2021, the check engine light comes back on and the Plaintiff took the vehicle back Nissan of Cool Springs to be serviced;

10. On February 4, 2022, the sensor warning lights came on and have continued to come on since. This issue cannot be repaired and these lights continue to come on and impact the use of the vehicle;

11. The Vehicle has been to an authorized Dealership since September 28, 2021 with the same problem and defect that cannot be fixed or repaired;

12. The Plaintiffs on July 7, 2022, mailed to the Defendant, Nissan, by certified mail a demand to repair the Vehicle providing the Defendant, Nissan, with another opportunity to repair the Vehicle in accordance with Tennessee Code Annotated Section 55-24-105(c);

13. The Defendant, Nissan, received this letter a copy of which is attached as Exhibit 2. They responded not with a request to repair but rather an offer to pay money. See Exhibit 3. This was not the first correspondence with Nissan to get this vehicle fixed;

14. The Defendant, Nissan, though have not repaired the vehicle and to the Plaintiff's knowledge, has not tried to repair the vehicle. The thirty days' time period has now passed, and the Plaintiff's Vehicle is still inoperable, and the Defendant has still refused to do anything about it;

15. The Defendant, Nissan, has violated and is in breach of the terms of its written warranty issued to the Plaintiff. The written warranty covers the problem being experienced with the Vehicle and the Defendant, Nissan, refuses or is unable to repair it in accordance with the terms of its written warranty;

16. The problem experienced by the Vehicle renders the Vehicle inoperable or unsafe to drive. As a result, this Vehicle cannot be used for its intended purpose or otherwise be used in any other way;

17. The defect with the Vehicle described herein substantially impairs the Vehicle as it has rendered the Vehicle inoperable. The defect cannot be repaired and the Defendants after being given reasonable repair attempts and after being in possession of the authorized Dealership now since September 2021 (more than thirty days and more than thirty days after being given one last attempt to repair the Vehicle) cannot repair the defect in a way that it would conform to the expressed/written warranty given to the Plaintiff. As a result, this Vehicle is a lemon as

defined by Tennessee Code Annotated Section 55-24-103(a) and the Defendant is required by law to either replace the Vehicle or refund the Plaintiff her money, among other damages, as required by Tennessee law and the terms of its expressed warranty with the Defendants;

18. The inability or refusal of the Defendant, Nissan, to repair this Vehicle is a breach of the implied warranty of merchantability and the implied warranty for fitness for a particular purpose;

19. The Defendant's, Nissan, actions and inactions also constitute violations of the Tennessee Consumer Protection Act and as a result, the Defendant, Nissan, is liable for all damages allowed by said statute and all reasonable attorney fees;

## CAUSES OF ACTION

### COUNT I

### BREACH OF ORIGINAL PURCHASE CONTRACT, BREACH OF WARRANTY, BREACH OF EXPRESSED WARRANTY, BREACH OF THE WARRANTY OF MERCHANTABILITY AND BREACH OF THE WARRANTY OF FITNESS FOR A PARTICULE PURPOSE.

20. The Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 19;

21. The Plaintiffs entered into a contract to purchase the Vehicle from the Dealership. The Vehicle was manufactured by the Defendant, Nissan. The Defendant, Nissan, issued to the Plaintiff a written and/or expressed warranty. A copy of the Warranty is in possession of the Defendants and attached as Exhibit 3;

22. As described herein, the Vehicle, due to not fault or action or modification by the Plaintiff, suffered a defect and said defect cannot be repaired or the Defendant, Nissan, refuses to repair it. This defect has substantially impaired the Vehicle in a way that it can no longer be

repaired such that it will conform to the terms of the original contract and the expressed/written warranty. The Defendant, Nissan, sold the Vehicle to the Plaintiff representing that the Vehicle would be operable and free of manufacturing defects or if defects arose that said defects would be repaired and that the Defendant would honor the terms of its written warranty. The Plaintiff was induced by said expressed /written warranty and these representations of fact, among others, to buy the Vehicle and did buy the Vehicle believing the Defendant, Nissan, would comply with the terms of the written warranty. The affirmations of fact about the Vehicle were and are false as the Vehicle is inoperable. All of these which constitute material breaches of contract and material breach(s) of the terms of the warranty and contract. This car, as described above, fails to conform to the vehicle condition contemplated at purchase as it is defective and unable to be repaired;

23. When the Defendant, Nissan, manufactured and/or sold the vehicle to the Plaintiff the Plaintiff was given the implied warranty of merchantability, Tennessee Code Section 47-2-314, et seq., and implied warranty of fitness for a particular purpose, Tennessee Code Section, 47-2-315. The Vehicle fails to conform to the implied warranty for merchantability in ways that include that it is not fit for the ordinary purposes for which it was manufactured, and as described herein, the Vehicle violates the implied warranty of fitness for a particular purpose in ways that include it is inoperable as a motor vehicle and unable to be used for the specific and particular purpose for which it was designed, transportation, and as described herein, these implied warranties as defined by Tennessee law;

24. These problems, as detailed in this Complaint, all of which are incorporated herein as if fully stated, constitute a material breach of contract and a material breach of the written warranty, expressed warranty, implied warranty of merchantability and implied warranty

Case 3:22-cv-00809   Document 1-1   Filed 10/12/22   Page 7 of 19 PageID #: 10

5

of fitness for a particular purpose, contract, and despite demand, they have not been cured. All of these were a material breach of the terms of these agreements and warranties;

25. As a result, and proximate result of the actions by the Defendant, Nissan, the Plaintiff has suffered damages. These damages include, but are not limited to, the refund of the entire purchase price of the Vehicle and interest paid by the Plaintiff, loss of use of the Vehicle, replacement Vehicle and all reasonable attorney fees and litigation costs. The Plaintiff also requests any and all further compensatory damages which proximately flowed from the actions of the Defendant including those allowed by Tennessee Code Annotated Section 47-1-101, et seq. and 55-24-101, et seq.;

## COUNT II

## TENNESSEE CONSUMER PROTECTION ACT VIOLATION

26. The Plaintiffs incorporates by reference the factual allegations contained in paragraphs 1 through 25;

27. The Defendant, Nissan, was acting in the course of the transaction in which they had a pecuniary interest, and they were engaged in trade and commercial practices when the Vehicle was manufactured and sold to the Plaintiff;

28. As described herein and as additional facts will show, these Defendant, Nissan, engaged in unfair and deceptive trade practices in violation of the Tennessee Consumer Protection Act. These violations include, but are not limited to: violating sections (b)(5), (b)(7), (b)(19) and (b)(27) of Tennessee Code Annotated Section 47-18-104, all acts of which were deceptive;

29. These Defendant, based in part on what is alleged herein were willful and intentional and made knowingly therefore the Plaintiff demand treble damages in accordance with Tennessee Code Annotated Section 47-18-109 and their reasonable attorney fees, court costs and litigation costs;

30. As a result, and proximate result of the actions by the Defendant, Nissan, the Plaintiffs has suffered damages. These damages include, but are not limited to, the refund of the entire purchase price of the Vehicle and interest paid by the Plaintiff, loss of use of the Vehicle, replacement Vehicle and all reasonable attorney fees and litigation costs. The Plaintiff also request any and all further compensatory damages which proximately flowed from the actions of the Defendant including those allowed by Tennessee Code Annotated Section 47-1-101, et seq. and 55-24-101, et seq.;

## COUNT III

### TENNESSEE LEMON LAW VIOLATION

31. The Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 30;

32. The Defendant, Nissan, was acting in the course of the transaction in which they had a pecuniary interest, and they were engaged in trade and commercial practices when the Vehicle was manufactured and sold to the Plaintiff. The Defendant was the Manufacturer of the Vehicle;

33. The Defendant, Nissan, delivered to the Plaintiff a written warranty in order to induce Plaintiff to purchase the Vehicle and it did induce the Plaintiff to purchase the Vehicle;

34. The Vehicle experienced defects. The defect was not caused by the Plaintiff and the Plaintiff never modified the Vehicle. These defects, unable to be repaired, are detailed herein;

35. The defects with the Vehicle described herein substantially impairs the Vehicle as it has rendered the Vehicle inoperable safely. The defects cannot be repaired and the Defendant after being given reasonable repair attempts and after being in possession of the authorized Dealership now since November 2021 (more than thirty days and more than thirty days after being given one last attempt to repair the Vehicle) cannot repair the defects in a way that it would conform to the expressed warranty given to the Plaintiff;

36. As a result, this Vehicle is a lemon as defined by Tennessee Code Annotated Section 55-24-103(a) and the Defendant is required by law to either replace the Vehicle or refund the Plaintiff her money as required by Tennessee law and the terms of its expressed/written warranty with the Defendant;

37. As a result, and proximate result of the actions by the Defendant, Nissan, and the violations described herein, the Plaintiff has suffered damages. These damages include, but are not limited to, the refund of the entire purchase price of the Vehicle and interest paid by the Plaintiffs, loss of use of the Vehicle, replacement Vehicle and all reasonable attorney fees and litigation costs. The Plaintiff also request any and all further compensatory damages which proximately flowed from the actions of the Defendant including those allowed by Tennessee Code Annotated Section 47-1-101, et seq. and 55-24-101, et seq.;

## COUNT IV

### NEGLIGENCE AS TO NISSAN OF MURFREESBORO

38. The Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 37;

39. Plaintiff took her vehicle to Nissan of Murfreesboro, on or about November 11, 2021 with a defect;

40. Nissan of Murfreesboro told Plaintiff her engine needed to be repaired. This Defendant made repairs to the vehicle, but was done so negligently;

41. The repairs were not done properly, resulting in her engine blowing, malfunctioning and needing to be replaced. This Defendant owed a duty of care to the Plaintiff to perform this work properly and without defects;

42. The repairs made by Nissan of Murfreesboro were not made in accordance with the standard of care for similar repairs, causing the engine to be damaged. By undertaking said repairs, Nissan of Murfreesboro had a duty to the Plaintiffs to perform those repairs properly;

43. As a result, and proximate result of said negligence, the Plaintiff has suffered damages which include loss of use, compensating damages, deprecation in value of the vehicle and other damages, including reasonable attorney fees;

## COUNT V

## MAGNUSON-MOSS WARRANTY CLAIM

The Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 19;

44. The Plaintiffs entered into a contract to purchase the Vehicle from the Dealership. The Vehicle was manufactured by the Defendant. The Defendant issued to the Plaintiff a written and/or expressed warranty. A copy of the Warranty is in possession of the Defendants and attached as Exhibit 3;

45. As described herein, the Vehicle, due to not fault or action or modification by the Plaintiff, suffered a defect and said defect cannot be repaired or the Defendant refuses to repair

it. This defect has substantially impaired the Vehicle in a way that it can no longer be repaired such that it will conform to the terms of the original contract and the expressed/written warranty. The Defendant sold the Vehicle to the Plaintiff representing that the Vehicle would be operable and free of manufacturing defects or if defects arose that said defects would be repaired and that the Defendant would honor the terms of its written warranty. The Plaintiff was induced by said expressed /written warranty and these representations of fact, among others, to buy the Vehicle and did buy the Vehicle believing the Defendant would comply with the terms of the written warranty. The affirmations of fact about the Vehicle were and are false as the Vehicle is inoperable. All of these which constitute material breaches of contract and material breach(s) of the terms of the warranty and contract. This car, as described above, fails to conform to the vehicle condition contemplated at purchase as it is defective and unable to be repaired;

46. Pursuant to federal law, Plaintiff has rights pursuant to the Magnuson-Moss Warranty act, including, but not limited to the terms of the warranty and that the warranty would be honored. This Defendant, Nissan, has violated this law in ways which include that the warranty does not comply with this law and Nissan has not honored the terms of the warranty as required;

47. These problems, as detailed in this Complaint, all of which are incorporated herein as if fully stated, constitute a material breach of the Magnuson-Moss Warranty, and despite demand, they have not been cured. All of these were a material breach of the terms of this warranty;

48. As a result, and proximate result of the actions by the Defendant, Nissan, the Plaintiff has suffered damages. These damages include, but are not limited to, the refund of the entire purchase price of the Vehicle and interest paid by the Plaintiff, loss of use of the Vehicle,

replacement Vehicle and all reasonable attorney fees and litigation costs. The Plaintiff also requests any and all further compensatory damages which proximately flowed from the actions of the Defendant including those allowed by the Magnuson-Moss Warranty Act;

**WHEREFORE, ALL PREMISES CONSIDERED,** the Plaintiff requests the relief requested above and the following:

1. That the Defendant be required to answer in the time required by law.

2. That the Plaintiff be given a jury trial of twelve on all issues.

3. That the Plaintiff be awarded a judgment against the Defendant, Nissan, for breach of contract and all warranties, including the Magnuson-Moss Warranty Act, expressed, implied or written in an amount to be determined at the trial, but at least $55,307.00 plus interests paid on the loan, reasonable attorney fees and litigation costs and all other damages allowed by Tennessee law;

4. That the Plaintiff be awarded a judgment against the Defendant, for their violations of the Tennessee Consumer Protection Act in the amount of at least but at least $55,307.00 plus interests paid on the loan, reasonable attorney fees and litigation costs and all other damages allowed by Tennessee law and treble damages;

5. That the Plaintiff be refunded her purchase price of the vehicle and interests on their loan, be awarded damages for loss of use of the Vehicle, be awarded damages for or the Defendant be Ordered to replace the Vehicle as required by Tennessee law and federal law and all other damages allowed by Tennessee Code Annotated Section 55-24-101, et seq and all reasonable attorney fees and litigation costs;

6. That the Plaintiff be awarded a judgment and any other damages which may be allowed under the Tennessee law including all reasonable lawyer fees, litigation costs and expert fees incurred to prosecute this case.

7. That the Plaintiff be awarded any additional relief the Court deems just and proper.

Respectfully submitted,

/s/ Jay B. Jackson
JAY B. JACKSON #016745
Attorney for Plaintiff
MITCHELL & MITHCELL
106 East College Street
Murfreesboro, Tennessee 37130
(615) 896-4211
jay@mitchellattorneys.com

## SURETY

I am surety in this case for costs in this cause.

/s/ Jay B. Jackson
Jay B. Jackson

12

## OATH

STATE OF TENNESSEE )
COUNTY OF RUTHERFORD )

I, **AMY BLANKENSHIP**, after being first duly sworn according to law, make oath I have read the foregoing complaint for divorce and that the facts set forth therein are true to the best of my knowledge, information, and belief and that my complaint is not made out of levity or by collusion with the Defendants, but in sincerity and truth for the causes mentioned therein.

_____
AMY BLANKENSHIP

Sworn to and subscribed before me on the ___1___ day of September, 2022.

_____
NOTARY PUBLIC
My Commission Expires: 8/15/2026

[Notary Seal: ROBIN LOWENICK, STATE OF TENNESSEE NOTARY PUBLIC, RUTHERFORD COUNTY]

# NISSAN OF COOL SPRINGS
212 Comtide Ct.
FRANKLIN, TN 37067
Phone: (615) 760-2500

# VEHICLE BUYER'S ORDER



Date: 09/09/2021                                                                                         N/A

| Buyer Name and Address | Co-Buyer Name and Address |
|---|---|
| AMY BLANKENSHIP<br>624 SUNBURST DRIVE<br>MCMINNVILLE TN 37110<br>H(931)607-2676 W(615)225-6700 C(931)607-2676<br>DL#:078274905<br>E-MAIL:ABLANKENSHIP41@GMAIL.COM | RORY THOMPSON JR<br>612 KNOLLWOOD DR<br>LA VERGNE TN 37086<br>H(832)657-7471 W(615)873-7640 C(832)657-7471<br>DL#:18572545<br>E-MAIL:MR.RORYT@GMAIL.COM |

| Salesperson 1: BISHOY M RIZK | Salesperson 2: | Deal #: 95571 |
|---|---|---|

THIS BUYER'S ORDER IS FOR THE FOLLOWING  ☒ NEW  ☐ USED  ☐ DEMO

| Year | Make | Model | Type | Trim | Color | Mileage | Stock # |
|---|---|---|---|---|---|---|---|
| 2021 | NISSAN | ALTIMA | 4DR | SR | GUN MET | 11 | MN357006 |

### TRADE IN RECORD 1

| YR. 2017 | MAKE VOLKSWAGEN | MODEL JETTA | TYPE 1.4T |
|---|---|---|---|
| COLOR CARDINAL R | TRIM | | MILEAGE 121,476 |
| VIN 3VW167AJ8HM377698 | | | |
| TITLE NO. | PLATE NO. | | EXP. DATE |
| OWNER | | LOAN # 810615109 | |
| LIENHOLDER VCI ACCOUNT SVCS, LLC | | PHONE (800)424-4034 | |
| ADDRESS 5505 N. CUMBERLAND AVE #307 CHICAGO IL 60656 | | SPOKE WITH | |
| AMOUNT 8415.00 | GOOD TILL 09/19/2021 | VERIFIED BY | |

### TRADE IN RECORD 2

| YR. | MAKE | MODEL | TYPE |
|---|---|---|---|
| COLOR | TRIM | | MILEAGE |
| VIN | | | |
| TITLE NO. | PLATE NO. | | EXP. DATE |
| OWNER | | LOAN # | |
| LIENHOLDER | | PHONE | |
| ADDRESS | | SPOKE WITH | |
| AMOUNT N/A | GOOD TILL | VERIFIED BY | |

### COLLISION COVERAGE

| NAME OF AGENT FARM BUREAU | PHONE (877)876-2222 |
|---|---|
| ADDRESS PO BOX 307 COLUMBIA TN 38402 | |
| POLICY NUMBER AS3219916 | COLLISION DEDUCTIBLE 500.00 |
| INSURANCE CO. FARM BUREAU | SPOKE WITH |
| EFFECTIVE DATE 05/11/2021 | EXP. DATE 11/11/2021 | VERIFIED BY |

THIS AGREEMENT DOES NOT INCLUDE INSURANCE COVERAGE FOR BODILY INJURY AND/OR PROPERTY DAMAGE CAUSED TO OTHERS.

### NEGATIVE EQUITY

Buyer is aware the balance owed on Buyer's trade-in exceeds the trade-in allowance offered by Seller. Accordingly, Buyer understands that _____1915.00_____ will be paid off on Buyer's behalf to VCI ACCOUNT SVCS, LLC

| VIN 1N4AL4CV7MN357006 | |
|---|---|
| PRICE OF VEHICLE | $ 33642.53 |
| SELLER ACCESSORIES: | N/A |
| IKON GPS | 699.00 |
| N/A | N/A |
| N/A | N/A |
| NITRO/TINT | 499.00 |
| P-PLATE SURFACE PROTE | 995.00 |
| SUB-TOTAL | 35835.53 |
| TRADE IN ALLOWANCE | 6500.00 |
| N/A | N/A |
| CASH PRICE OR TRADE DIFFERENCE | 29335.53 |
| N/A | N/A |
| N/A | N/A |
| PLUS: DEALER ADMINISTRATIVE FEE (The fee represents recovery by Dealer for operating cost and overhead plus revenue associated with the documents required to complete the sale.) | 699.00 |
| N/A | N/A |
| BUSINESS TAX | 90.10 |
| SALES TAX | 2108.73 |
| LOCAL TAX | 88.00 |
| N/A | N/A |
| SUB-TOTAL | 32321.36 |
| PAYOFF ON TRADE VEHICLE | 8415.00 |
| TN TIRE FEE | 5.00 |

Case 3:22-cv-00809  Document 1-1  Filed 10/12/22  Page 16 of 19 PageID #: 19

EXHIBIT 1

| | | |
|---|---|---|
| Overallowance on Trade-in: Seller may have permitted Buyer, as a trade-in credit, an amount in excess of the actual cash value of the vehicle traded in, if any, on this sale. This is a process of reducing the purchase price. In the event this transaction is cancelled, the only amount Buyer shall be entitled to be compensated for the trade-in vehicle is its actual cash value at the time of this transaction. | GAP COVERAGE | 1200.00 |
| | SUB-TOTAL | 42006.59 |
| | EXTENDED SERVICE CONTRACT | 2064.69 |
| | MAINTENANCE CONTRACT | 899.00 |
| ALL WARRANTIES, IF ANY, BY A MANUFACTURER OR SUPPLIER OTHER THAN SELLER ARE THEIRS, NOT SELLER'S. ONLY SUCH MANUFACTURER OR OTHER SUPPLIER SHALL BE LIABLE FOR PERFORMANCE UNDER SUCH WARRANTIES, UNLESS SELLER FURNISHES BUYER WITH A SEPARATE WRITTEN WARRANTY OR SERVICE CONTRACT MADE BY SELLER ON ITS OWN BEHALF. SELLER NEITHER ASSUMES NOR AUTHORIZES ANY PERSON TO ASSUME FOR IT ANY LIABILITY IN CONNECTION WITH THE SALE OF ANY PRODUCTS. | N/A | N/A |
| | N/A | N/A |
| | N/A | N/A |
| | N/A | N/A |
| | N/A | N/A |
| | BUSINESS TAX ON BENEFITS | 8.39 |
| Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, this vehicle is sold "AS IS" and "WITH ALL FAULTS." The Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose. | SALES TAX ON BENEFITS | 208.09 |
| | LOCAL TAX ON BENEFITS | 81.75 |
| | TOTAL BALANCE | 45269.00 |
| | LESS INITIAL PAYMENT/CASH DOWN | N/A |
| This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. | LESS REBATE/FACTORY INCENTIVE | 1000.00 |
| Buyer acknowledges receipt of any warranty information prior to the sale of the vehicle. | N/A | N/A |
| Buyer's Initials _____ Co-Buyer's Initials _____ | BALANCE DUE | $ 44269.00 |

USED CAR BUYERS GUIDE: THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THE CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

GUÍA PARA COMPRADORES DE VEHÍCULOS USADOS. LA INFORMACIÓN QUE VE EN EL FORMULARIO DE LA VENTANILLA PARA ESTE VEHÍCULO FORMA PARTE DEL PRESENTE CONTRATO. LA INFORMACIÓN DEL FORMULARIO DE LA VENTANILLA DEJA SIN EFECTO TODA DISPOSICIÓN EN CONTRARIO CONTENIDA EN EL CONTRATO DE VENTA.

### NO COOLING OFF PERIOD

State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

BUYER AGREES THAT THIS AGREEMENT INCLUDES ALL OF THE TERMS AND CONDITIONS ON THE FRONT AND BACK SIDE _____ (INITIALS)

For your protection, request a receipt for all payments you make.

This Agreement is not binding upon either Seller or Buyer until signed by an authorized Seller representative.

If Buyer is buying this Vehicle in a credit sale transaction evidenced by a retail installment sale contract, this Agreement is binding when the retail installment contract is signed, but will not remain binding if a third party finance source does not agree to purchase the retail installment contract executed by Buyer and Seller based on this Agreement on the terms as submitted. See paragraph 12 on the other side of this Agreement, which shall survive the termination of this agreement for any reason.

This Agreement cancels and supersedes any prior agreement including oral agreements, and as of the date below comprises; together with any retail installment sale contract the complete and exclusive statement of the terms of the agreement relating to the subject matters covered by this Agreement and all other documents. Buyer, by signing this Agreement, acknowledges that Buyer has read and agrees to its terms and has received a true copy of this Agreement.

Buyer certifies that he or she is at least 18 years of age.

Agreement to Arbitrate: By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _____ Co-Buyer Signs X _____

BUYER SIGNS X _____ DATE 09/09/2021
CO-BUYER SIGNS X _____ DATE 09/09/2021

MANAGER'S APPROVAL
(Must Be Accepted By An Authorized Representative of the Seller)
X _____ DATE 09/09/2021

LAW FORM NO. LAWTN-BOARB19-AMSI-CUST (Rev. 8/19) R0621649 Q (03/21)
©2019 The Reynolds and Reynolds Company

THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

 

John G. Mitchell Jr.
John G. Mitchell III
Darwin K. Colston
Jay B. Jackson
Emily D. Baker
Lacey Buchanan

July 7, 2022

**VIA CERTIFIED MAIL**

Nissan North America, Inc.
1 Nissan Way Stop A-5-C
Franklin, TN 37067-6367

Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203

      Re:    *Amy Blankenship; 2021 Nissan Altima; Vin# 3VW167AJ8HM377698*

Dear Nissan,

    Pursuant to Tennessee Code Annotated Section 55-24-105(c), I, on behalf of Ms. Blankenship, submit this letter as notice prior to proceeding against you pursuant to Tennessee Code Annotated Section 55-24-103. This vehicle has now been at your authorized repair facility for over thirty (30) days and/or the amount of time unsuccessfully repaired and still it cannot be fixed.

    This time passage has established that the vehicle is a lemon car eligible for replacement or refund. The statute gives you certain rights. We demand that you comply with Tennessee law.

    If you have any questions, please direct them to me.

                                            Sincerely,

                                            Jay B. Jackson

JBJ/amp

**EXHIBIT 2**

106 E. College St.
Post Office Box 1336
Murfreesboro, TN 37133-1336
Office: (615) 896-4211
Fax: (615) 895-5485

www.mitchellattorneys.com

121 E/S Public Square
Post Office Box 160
Woodbury, TN 37190
Office: (615) 563-4522
Fax: (615) 563-4523

Case 3:22-cv-00809　　Document 1-1　　Filed 10/12/22　　Page 18 of 19 PageID #: 21



**NISSAN GROUP OF NORTH AMERICA**
NISSAN INFINITI

Nissan North America, Inc.
Consumer Affairs
P.O Box 685003
Franklin, TN 37068-5003
Telephone: 1-800-647-7261

August 8, 2022

Mitchell & Mitchell
Attorneys at Law
106 East College Street
Murfreesboro, TN 37130

Attorney: Jay B. Jackson

RE: Amy Blankenship File number: 46854145
    2021 Nissan Altima / 1N4AL4CV7MN357006

Dear Jay B. Jackson:

This office is in receipt of your letter dated June 7, 2022 in regards to the above-referenced Nissan customers and vehicle. I have taken the time to review the complaint.

Based on the information available, Nissan is willing to offer a cash settlement in the amount of $2,000.00 to resolve this matter. This offer is inclusive of attorney fees. In addition to the cash settlement Nissan would also agree to dispatch our regional technical specialist to perform a final repair attempt. Please review this offer with your clients and advise me of their response within 30 days.

Thank you for allowing Nissan to review this matter.

Lakisha Benedict
Arbitration Specialist
Dispute Resolution Program
Nissan North America, Inc.
Lakisha.benedict@nissan-usa.com
615-725-7896 (Telephone)
615267-7940 (Fax)

**EXHIBIT**