IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMY BLANKENSHIP, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:22-cv-00809 |
| ) | |
| v. ) | Judge Richardson |
| ) | |
| NISSAN NORTH AMERICA, INC., and ) | Magistrate Judge Frensley |
| MB OF MURFREESBORO NISSAN, ) | |
| LLC, ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF DEFENDANT NISSAN NORTH
AMERICA, INC., TO DISMISS COUNTS I AND II OF THE COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

In her Complaint, ECF No. 1-1, Plaintiff asserts four claims against Defendant Nissan North America, Inc. ("NNA"). NNA does not seek dismissal of Count III or Count V of Plaintiff's Complaint but does seek dismissal of Counts I and II. Count I of the Complaint is titled "breach of original purchase contract, breach of warranty, breach of expressed warranty, breach of the warranty of merchantability and breach of the warranty of fitness for a particular purpose." (Compl. at 4.) But Plaintiff identifies no contract between NNA and her that could support a breach of contract claim, and because she is not in privity of contract with NNA she may not recover for breach of implied warranty.[1] Count II of the Complaint alleges violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq.* (the "TCPA"), but

---

1. NNA issued a New Vehicle Limited Warranty applicable to the 2021 Nissan Altima described in the Complaint. Plaintiff could conceivably recover from NNA for breach of the New Vehicle Limited Warranty, but as NNA understands Plaintiff's Complaint, Count V of the Complaint concerns the New Vehicle Limited Warranty.

1

Plaintiff does not plead any TCPA claim with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, so her TCPA claims are also subject to dismissal.

## FACTUAL BACKGROUND

Although Plaintiff alleges a number of facts about a 2021 Nissan Altima that she purchased with a non-party (the "Altima"), only a few of those facts are relevant to NNA's Motion. Plaintiff alleges in her Complaint she purchased the Altima pursuant to an invoice attached as *Exhibit 1* to the Complaint. (Compl., ¶ 3.) The "invoice" is actually a Vehicle Buyer's Order executed by Plaintiff, non-party Rory Thompson, Jr., and non-party Nissan of Cool Springs. Plaintiff does not claim that NNA was a party to the Retail Buyers Order. Plaintiff does not identify or attach to the Complaint any contract between her and NNA. Nor does she allege that NNA made any representations to her before she and Mr. Thompson purchased the Altima. The only statement by NNA that Plaintiff identifies is settlement correspondence sent by NNA to her counsel, which she discusses in Paragraph No. 13 of the Complaint and attached as *Exhibit 3* to the Complaint. She identifies no representation by NNA other than this settlement correspondence.

## ARGUMENT

### I. PLAINTIFF MUST PLEAD FACTS SUPPORTING HER BREACH OF CONTRACT CLAIM.

A Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure unless it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal

alterations, quotation marks and citations omitted). The right to relief rises above the speculative level when the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

On the other hand, Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal alterations, quotation marks and citations omitted). Under *Twombly* and *Iqbal*, "a plaintiff cannot overcome a Rule 12(b)(6) motion to dismiss simply by referring to conclusory allegations in the complaint that the defendant violated the law. Instead, the sufficiency of a complaint turns on its factual content, requiring the plaintiff to plead enough factual matter to raise a plausible inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (internal quotation marks and citations omitted). "*Iqbal* demands that [Plaintiff] ha[s] alleged in [her] complaint facts sufficient to allow the district court to draw a reasonable inference that [NNA] acted unlawfully." *Estate of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 925 (6th Cir. 2013).

## II. PLAINTIFF CANNOT RECOVER ON HER BREACH OF CONTRACT CLAIM BECAUSE SHE HAS NOT PLED THE EXISTENCE OF A CONTRACT BETWEEN HER AND NNA.

Count I of Plaintiff's Complaint fails because she does not allege that she is in privity of contract with NNA. The Retail Buyers Order is "part of the [Complaint] for all purposes" because Plaintiff attached it as an exhibit to her Complaint. Fed. R. Civ. P. 10(c). It is a contract between

3

Plaintiff, Mr. Thompson, and Nissan of Cool Springs. NNA is not a party to it and Plaintiff identifies no contract between herself and NNA. "The law presumes that a contract has been executed solely for the benefit of those who are parties to it." *Smith v. Chattanooga Med. Investors, Inc.*, 62 S.W.3d 178, 185 (Tenn. Ct. App. 2001). NNA cannot have breached a contract to which it is not a party. Consequently, Plaintiff may not recover from NNA for breach of contract.

The lack of contractual privity between Plaintiff and NNA also means that Plaintiff cannot recover from NNA for breach of implied warranty. At common law, the Tennessee Supreme Court consistently required privity of contract in breach of warranty actions. *Kyker v. General Motors Corp.*, 381 S.W.2d 884 (Tenn. 1964); *Olney v. Beaman Bottling Co.*, 418 S.W.2d 430 (Tenn. 1967); *Hargrove v. Newsome*, 470 S.W.2d 348, 351 (Tenn. 1971). In 1978, the Tennessee Products Liability Act, T.C.A. §§ 29-28-101 to -108, was enacted. The Act defines certain terms, including "product liability action." According to that definition, "product liability actions" are limited to:

> actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. It shall include, but not be limited to, all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever.

Tenn. Code Ann. § 29-28-102(6). "By that definition, product liability actions are limited to those brought for or on account of personal injury, death, or property damage." *First Nat'l Bank v. Brooks Farms*, 821 S.W.2d 925, 931 (1991).

In 1972, "the legislature enacted Tenn. Code Ann. § 29-34-104, which abolishes the requirement of privity in 'all causes of action for *personal injury or property damage* brought on

4

account of negligence, strict liability or breach of warranty, including actions brought under the provisions of the Uniform Commercial Code." *Brooks Farms*, 821 S.W.2d at 931 (quoting Tenn. Code Ann. § 29-34-104, emphasis supplied). "In the enactment of this statute, the legislature apparently intended that lack of privity would bar the recovery of damages other than for personal injury and property damage in suits based on the legal theories named in the statute." *Id*.

Here, Plaintiff has not pled that she is in privity of contract with NNA. She indisputably did not purchase the Altima from NNA. (*See* Retail Buyers Order.) Under Tennessee law, "a plaintiff may not maintain a claim for purely economic losses absent contractual privity with the party charged with responsibility for those losses." *Messer Griesheim Indus. v. Cryotech of Kingsport, Inc.*, 131 S.W.3d 457, 463 (Tenn. Ct. App. 2003). This rule means that plaintiffs "may not recover damages for purely economic losses based on their breach of implied warranty claims against [a] Manufacturer where they lack privity of contract with the Manufacturer." *Lohmann v. Jaguar Land Rover N. Am., LLC*, No. 18-1347-I (Chancery Court for Davidson County, Aug. 15, 2022), at 10 (slip opinion attached as *Exhibit A*). The Court should therefore dismiss the breach of implied warranty claims embedded in Count I.

## III.   PLAINTIFF MUST PLEAD HER TCPA CLAIMS WITH PARTICULARITY.

In contrast to the rules applicable to Count I of the Complaint, the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure apply to Plaintiff's TCPA claims. "[T]he Sixth Circuit has applied Federal Rule of Civil Procedure 9(b)'s heightened pleading standard to claims under the TCPA." *Langer v. BMW of N. Am., LLC*, 533 F. Supp. 3d 626, 635 n.5 (E.D. Tenn. 2021) (citing *Metro. Prop. & Cas. Ins. Co. v. Bell*, No. 04-5965, 2005 WL 1993446, at *5 (6th Cir. Aug. 17, 2005)). "Accordingly, Plaintiff must 'set forth specific deceptive or fraudulent acts rather than general allegations.'" *Bridgestone Am.'s, Inc. v. Int'l*

5

*Business Machines Corp.*, 172 F. Supp. 3d 1007, 1019 (M.D. Tenn. 2016) (quoting *AGFA Photo USA Corp. v. Parham*, No. 1:06-cv-216, 2008 WL 1655891, at *11 (E.D. Tenn. June 5, 2007)).

The applicability of Rule 9(b) means that Plaintiff must plead her TCPA claims with particularity. "In complying with Rule 9(b), a plaintiff, at a minimum, must 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)). Plaintiff has not done that here.

## IV. PLAINTIFF HAS NOT PLED HER TCPA CLAIMS WITH PARTICULARITY.

In her Complaint, Plaintiff alleges that NNA violated four sections of the TCPA: Tenn. Code Ann. §§ 47-18-104(b)(5), (b)(7), (b)(19), and (b)(27). Plaintiff may not recover for violations of Tenn. Code Ann. § 47-18-104(b)(27) because "enforcement of this subsection (b)(27) is vested exclusively in the office of attorney general and reporter," not in private plaintiffs. Tenn. Code Ann. § 47-18-104(b)(27). Each of the three remaining subsections requires some sort of misrepresentation. Those sections define as a deceptive act or practice the following activities:

> (b)(5): Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have;
>
> (b)(7): Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;
>
> (b)(19): Representing that a guarantee or warranty confers or involves rights or remedies which it does not have or involve; provided, that nothing in this subdivision (b)(19) shall be construed to alter the implied warranty of merchantability as defined in § 47-2-314;

Tenn. Code Ann. § 47-18-104.

Consequently, Plaintiff cannot recover under any of these sections unless she pleads with particularity a misrepresentation that violates them. This means that she must plead the time, place, and manner of the alleged misrepresentation. Plaintiff has pled no misrepresentation by NNA and certainly has not pled any misrepresentation with the particularity required by Rule 9(b). Her TCPA claims are therefore subject to dismissal.

## V. NNA IS ENTITLED TO ITS ATTORNEY FEES ASSOCIATED WITH SEEKING DISMISSAL OF PLAINTIFF'S TCPA CLAIMS.

Because Plaintiff did not plead any alleged TCPA violation with particularity, NNA is entitled to its attorney fees associated with seeking the dismissal of Plaintiff's TCPA claim. When a TCPA action is "without legal or factual merit . . . the court may require the person instituting the action the indemnify the defendant for any damages incurred, including reasonable attorney's fees and costs." Tenn. Code Ann. § 47-18-109(e)(2). This language "refers to a TCPA claim 'so utterly lacking in an adequate factual predicate or legal ground as to make the filing of such a claim highly unlikely to succeed.'" *Milan Supply Chain Sols., Inc. v. Navistar, Inc.*, 627 S.W.3d 125, 160 (Tenn. 2021) (quoting *Glanton v. Bob Parks Realty*, No. M2003-01144-COA-R3-CV, 2005 WL 1021559, at *9 (Tenn. Ct. App. Apr. 27, 2005)). Here, all of Plaintiff's TCPA claims lack an adequate legal ground. Plaintiff's claim under Tenn. Code Ann. § 47-18-104(b)(27) is barred by the plain language of that section. The remaining, misrepresentation-based claims are not pled with anything approaching the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. NNA is therefore entitled to its attorney fees associated with seeking dismissal of Plaintiff's TCPA claims.

## CONCLUSION

Plaintiff cannot recover for breach of contract or breach of implied warranty because she does not plead and cannot prove that she has any contract with NNA. She cannot recover under

7

the TCPA because she has not pled her TCPA claims with the requisite particularity. NNA therefore respectfully requests that the Court grant its Motion, dismiss with prejudice Counts I and II of Plaintiff's Complaint, and award NNA its costs and attorney fees associated with seeking dismissal of Plaintiff's TCPA claim.

Dated the 17th day of October, 2022.

Respectfully submitted,

LEWIS THOMASON, P.C.

By:/s/ Ryan N. Clark
Ryan N. Clark, B.P.R. No. 29105
Miles A. McDowell, B.P.R. No. 39356
424 Church Street, Suite 2500
Post Office Box 198615
Nashville, Tennessee 37219
(615) 259-1366 (telephone)
(615) 259-1389 (facsimile)
rclark@lewisthomason.com
mmcdowell@lewisthomason.com

*Attorneys for Defendant Nissan North America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the forgoing Memorandum has been served upon the counsel for the represented party in interest herein by operation of the Court's electronic case filing system and on the unrepresented party by United States Mail, first class postage prepaid:

| | |
|---|---|
| Jay B. Jackson, Esq.<br>MITCHELL & MITCHELL<br>106 East College Street<br>Murfreesboro, Tennessee 37130<br>jay@mitchellattorneys.com | MB of Murfreesboro Nissan, LLC<br>c/o Northwest Registered Agent Inc.<br>5810 Shelby Oaks Drive, Suite B<br>Memphis, Tennessee 38134 |

*Attorneys for Plaintiff*

Dated the 17th day of October, 2022.

/s/ Ryan N. Clark
Ryan N. Clark