<span style="color:red">**Exhibit A**</span>

IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY

| | | |
|---|---|---|
| MICHAEL and TSIANINA LOHMANN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 18-1347-I |
| | ) | |
| JAGUAR LAND ROVER NORTH | ) | JURY DEMAND (12) |
| AMERICA, LLC and JAGUAR LAND | ) | |
| ROVER NASHVILLE, | ) | |
| | ) | |
| Defendants. | ) | |

---

## MEMORANDUM AND ORDER
## GRANTING, IN PART, AND DENYING, IN PART,
## DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

---

This matter came before the Court on July 29, 2022, on Defendant Jaguar Land Rover North America, LLC ("JLR North America" or "Manufacturer") and Defendant Jaguar Land Rover Nashville's ("JLR Nashville" or "Dealer") separate motions for summary judgment seeking dismissal of all claims. Participating in the hearing were Attorney Timothy N. O'Connor, representing Plaintiffs, and Attorney Ryan N. Clark, representing Defendants. The Court has considered the motions, responses, replies, and the entire record on summary judgment and concludes that the motions should be granted, in part, and denied, in part as discussed below.

## I.  BRIEF BACKGROUND

This case concerns a dispute over an allegedly defective new Range Rover vehicle purchased by Mr. Lohmann from the Dealer in July 2017. Mr. Lohmann paid nearly $150,000 for the vehicle, and it was covered by an express 4-year/50,000 mile new vehicle warranty. Plaintiffs intended Mrs. Lohmann would be the vehicle's primary driver. From the beginning, the Range Rover had problems with low coolant levels, requiring repeated trips to the Dealer to refill the coolant, during which the Dealer's service technicians assured Mrs. Lohmann that the Range

Rover's use of coolant was normal during hot weather. The Lohmanns experienced other problems with the Range Rover, including a "suspension fault warning" while driving on the interstate (requiring Mrs. Lohmann to reduce her speed to 30 miles per hour) and the engine overheating due to low coolant levels. During a subsequent visit to the Dealer, a parts department employee advised Mrs. Lohmann that the vehicle's coolant use was excessive and not normal, contrary to what the service department technicians had told her.

Ultimately, the Manufacturer replaced the Range Rover's engine under the express new vehicle warranty. All told, the Range Rover was out of service and at the Dealer for about 55 days during the Lohmann's first 15 months of ownership. The Lohmanns claim that although the engine was replaced, the vehicle continues to have electrical system and other problems that the Dealer has been unable to repair. Through counsel, the Lohmanns sent a letter to the Manufacturer dated April 4, 2018, claiming the vehicle is a "lemon" under Tennessee law and requesting the Manufacturer to repurchase the vehicle. The Manufacturer declined the Lohmann's request.

The Lohmanns sued both Defendants on December 13, 2018, alleging violations of Tennessee's Motor Vehicle Warranties Act ("MVWA") (Count I); breach of implied warranty of merchantability (Count II); breach of contract (Count III); violations of the Tennessee Consumer Protection Act ("TCPA") (Count IV); and unjust enrichment (Count V). As relief, the Lohmanns request that the Manufacturer be required to repurchase the vehicle; the Dealer be required to refund the vehicle's purchase price as breach of contract damages; additional compensatory damages be awarded in the amount of $50,000 for the Lohmanns' loss of time, loss of business opportunities, and frustration; treble damages be awarded under the TCPA; and attorney's fees and costs be awarded.

Defendants filed separate motions for summary judgment, seeking dismissal of all claims. The Lohmanns oppose both motions, but concede summary judgment should be granted in favor of the Dealer on the MVWA claim and in favor of Manufacturer on the TCPA claim.

## II.     SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04; *Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). In determining whether summary judgment is appropriate, courts must decide "(1) whether a *factual* dispute exists; (2) whether the disputed fact is *material* to the outcome of the case; and (3) whether that fact creates a *genuine* issue for trial." *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993) (emphasis in original). A "material fact" is one that "must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Id.* at 215 (Tenn. 1993). Irrelevant or unnecessary facts are not material. *Rye* at 251. A "genuine issue" exists when "a reasonable jury could legitimately resolve that fact" in the nonmoving party's favor." *Byrd* at 215.

In deciding a motion for summary judgment, the court must "take the strongest legitimate view of the evidence in favor of the nonmoving party." *Id.* at 210. Further, the court must not weigh competing evidence, but must overrule a motion for summary judgment when there is a genuine dispute as to any material fact. *Id.* at 211. Even where it appears that the material facts are undisputed, if the parties disagree about the inferences and conclusions to be reasonably drawn from those facts, summary judgment is precluded. *See CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73, 87 (Tenn. 2010); *Price v. Mercury Supply Co., Inc.*, 682 S.W.2d 924, 929 (Tenn. 1984).

When the party moving for summary judgment does *not* bear the burden of proof at trial, as is the case here on Defendants' motions seeking dismissal of all claims against them, the moving party must either (i) affirmatively negate an essential element of the non-moving party's claim or defense, or (ii) show that the non-moving party's evidence at the summary judgment stage is insufficient to establish the non-moving party's claim or defense. *Rye*, 477 S.W.3d at 264. Where the movant properly supports its motion, the burden shifts to the non-movant to show "the existence of specific facts in the record" which could lead the Court to find in its favor. *TWB Architects, Inc. v. Braxton,* 578 S.W.3d 879, 889. Where the movant fails to establish facts entitling it to judgment as a matter of law, however, the motion must fail. *Martin v. Norfolk Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008) (citations omitted).

## III. ANALYSIS

### A. <u>Manufacturer's Motion for Summary Judgment</u>

#### 1. Motor Vehicle Warranty Act Claim (Count I)

The Manufacturer[1] moves for summary judgment to dismiss both of the Lohmanns' MVWA claims. Tennessee's MVWA, or "lemon law," requires motor vehicle manufacturers to repair vehicles that "do not conform to all applicable express warranties . . . at no charge to the consumer." Tenn. Code Ann. §§ 55-24-101, *et seq.* If the nonconformity or defect "substantially impairs" the vehicle and the manufacturer cannot repair it "after a reasonable number of attempts," the manufacturer must replace the vehicle or accept the return of the vehicle in exchange for a refund of the full purchase price. *Id.*, § 55-24-103(a). The MVWA creates a statutory presumption that "a reasonable numbers of attempts" have been made to repair the vehicle after three (3) or

---

[1]     Jaguar Land Rover North America, LLC is the sole authorized distributor of Land Rover vehicles in the U.S. It is undisputed for purposes of the MVWA, that as the importer of motor vehicles in the U.S., it is deemed to be the manufacturer. Tenn. Code Ann. § 55-24-101(3). For ease of reference and consistency, the Court refers to Jaguar Land Rover North America, LLC as the Manufacturer.

more failed attempts to repair the same nonconformity, or the vehicle is "out of service by reason of repair for a cumulative total of thirty (30) or more days" during the warranty period. *Id.*, § 55-24-105(a). The MVWA recognizes an alleged nonconformity that does not "substantially impair" the vehicle it is an affirmative defense. *Id.*, § 55-24-103(e)(1).

A consumer is not entitled to the remedies of replacement or refund under the MVWA, however, until he or she has given "written notification by certified mail directly to the manufacturer of the need for the correction or repair of the nonconformity." *Id.*, § 55-24-105(c). The MVWA also provides that its remedies are not available unless the consumer "resorts" to the manufacturer's informal dispute resolution procedures, provided such procedure "complies with the provisions of 16 CFR Part 703. . . ." *Id.*, § 55-24-106(a). The Act defines "consumer" as "the purchaser," "any person to whom the motor vehicle is transferred" during the warranty period, and "any other person entitled by the terms of the warranty to enforce the obligations of the warranty." *Id.*, § 55-24-101(1).

The Manufacturer makes several arguments for the dismissal of the Lohmanns' MVWA claim: (i) the Lohmanns failed to notify the Manufacturer of the vehicle's need for repairs *by certified mail* and failed to participate in the Manufacturer's informal dispute resolution program; (ii) any problems with the Range Rover either have been repaired or do not "substantially impair" the vehicle; and (iii) Mrs. Lohmann has no claim against the Manufacturer under the MVWA because she is not a "consumer" as defined by the Act.

*Mrs. Lohmann's MVWA Claim*. Addressing the Manufacturer's last argument first, the MVWA defines "consumer" as the purchaser, lessee, any person to whom the motor vehicle is transferred during the express warranty period, and "*any other person entitled by the terms of the warranty to enforce the obligations of the warranty*." Tenn. Code Ann. § 55-24-101(1). The

Lohmanns contend they purchased the vehicle for Mrs. Lohmann to drive, and she meets the definition of "consumer" because she is a person entitled to enforce the warranty obligations.

The facts are undisputed that Mr. Lohmann was the sole purchaser of the vehicle, and Mrs. Lohmann was not a party to the contract for the purchase of the Range Rover or a title owner of the vehicle. *See* Pltf.'s Resp. to Mfr.'s Stmt. of Undisputed Material Facts ("Mfr.'s SUMF") ¶¶ 1, 6. The new vehicle limited warranty states: "Land Rover warranties are in favor of the original purchaser and each subsequent owner during the respective warranty periods . . . ." *See* "Land Rover Passport to Service," Mfr.'s Mot. Summ. Judg., Ex. E, at p.4. Based on the plain language of the MVWA and the new vehicle limited warranty, the Court concludes as a matter of law that Mrs. Lohmann is not a "consumer" for purposes of the MVWA because she is not "a person entitled to enforce the warranty obligations" under the Land Rover warranty and cannot maintain a claim for violations of the MVWA against the Manufacturer. Summary judgment should be granted in favor of the Manufacturer dismissing Mrs. Lohmann's MVWA claim.

_Written Notice by Certified Mail and Resort to Dispute Resolution Procedure_. The repair or replacement remedies under § 55-24-103 of the MVWA are available to a consumer only if he or she first (1) gives "written notification *by certified mail*" directly to the manufacturer of the need for repairs, *id.*, § 55-24-105(c) (emphasis added), and (2) participates in the manufacturer's "informal dispute settlement procedure" if the manufacturer has established a qualified procedure *Id.*, § 55-24-106(a).

The facts are undisputed that the Lohmanns, though counsel, "sent a letter dated April 4, 2018" to both the Manufacturer and the Dealer, but there is "no record evidence" that the letter was sent *by certified mail*. *See* Mfr.'s SUMF, ¶¶ 25, 26. The facts are also undisputed that the

Manufacturer received and responded to the April 4, 2018 letter[2] and the Manufacturer's representative and the Lohmanns' counsel exchanged subsequent email communications about the Lohmanns' concerns.  Pltfs.' SAF, ¶¶ 31-33.

Notwithstanding receipt of actual notice, the Manufacturer contends Mr. Lohmann is not entitled to the MVWA's replacement or refund remedies because he did not first send written notice *by certified mail* to the manufacturer prior to proceeding under § 55-24-103.  In response, the Lohmanns contend *actual* written notice of nonconformities should be sufficient under the MVWA, the Manufacturer acknowledged actual receipt of the Lohmanns' notice, and the parties subsequently engaged in informal settlement discussions.  The Lohmanns further argue, in any event, a disputed question of fact exists as to whether the Manufacturer's alternative dispute resolution process complies with federal regulations as required under § 55-24-106(a).

The MVWA provides "[i]t shall be the responsibility of the consumer or the representative of the consumer, prior to proceeding under § 55-24-103, to give written notification by certified mail directly to the manufacturer of the need for the correction or repair of the nonconformity." Tenn. Code Ann. § 55-24-105(c).  The statute does not specify the consequence for failing to strictly comply with the terms of the statute.  The Court is not aware of any Tennessee cases construing this statute and interpreting the method of notification requirement or the consequence of the failure to do so.

Issues of statutory construction are questions of law.  *Powers v. State*, 343 S.W.3d 36, 44 (Tenn. 2011) (citations omitted).  When construing a statute, a court "must first ascertain and then give full effect to the General Assembly's intent and purpose," without expanding or restricting the scope of the statute.  *Id.* (citing *Waters v. Farr*, 291 S.W.3d 873, 881 (Tenn. 2009) (citing

---

[2]     The parties' summary judgment papers recite the April 4, 2018 letter was attached as an exhibit to the complaint; however it is not attached, and the letter does not otherwise appear in the record.

*Waldschmidt v. Reassure Am. Life Ins. Co.*, 271 S.W.3d 173, 176 (Tenn. 2008)). The Court must "presume that each word in the statute has 'meaning and purpose, and should be given full effect if so doing does not violate the obvious intention of the Legislature.'" *Id.* (quoting *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005)). Where a statute is "clear and unambiguous," the Court applies the "plain meaning" of the statute's language in a straightforward way. The Court may refer to outside sources to ascertain the meaning of a statute only where it is, by its terms, ambiguous. *Id.* (citation omitted). Courts should construe statutory language "in the context in which [it] appear[s] . . . and in light of the statute's general purpose." *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 526-27 (Tenn. 2010) (citations omitted).

Generally, "lemon laws" are designed "to aid consumers by fostering prompt resolution of problems arising from warranty defects, and require motor vehicle manufacturers to replace or refund the purchase price of a motor vehicle that cannot be made to conform to its warranty after the manufacturer has had a reasonable opportunity to correct the defect." 88 A.L.R.5th 301. Based on the plain language of the MVWA's written notification requirement *by certified mail* seems to be a clear directive by the legislature that a manufacturer who may become obligated to replace or refund the purchase price of a motor vehicle must first be provided written notification by certified mail of the vehicle's alleged defects and afforded a final opportunity to repair, and suggesting that failure to provide notice by certified mail would be fatal to the consumer's claims. In other contexts, the courts have held that use of certified mail provides a stronger presumption of receipt than regular mail, it is traceable, and provides written proof of delivery. *See Sanchez v. Holder*, 627 F.3d 226, 232-33 (6th Cir. 2010) (quoting *Santana Gonzalez v. Att'y Gen. of the United States*, 506 F.3d 274, 279 (3rd Cir. 2007)). Other legislative acts, such as the Tennessee Health Care Liability Act, specifies when a court may excuse strict compliance with a statutory requirement for written pre-suit notice by certified mail and accept substantial compliance. *See e.g.*, Tenn.

Code Ann. § 29-26-121(a); *Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC*, 433 S.W.3d 512 (Tenn. 2014) (provided noncompliance with notice provision does not prejudice defendant).

The General Assembly did not include in the MVWA, unlike the Health Care Liability Act, any provision or circumstances excusing compliance with the written notification by certified mail requirement prior to proceeding with the MVWA's replacement or refund remedy. The Court finds the statute is clear and unambiguous and should be construed according to its plain terms. It is undisputed in this case, for purposes of summary judgment, that there is "no record evidence that the April 4, 2018 letter was sent by certified mail." Mfr.'s SUMF, ¶ 26. Accordingly, the Manufacturer's summary judgment motion dismissing the Lohmanns' MVWA claim should be granted for failure to provide the required written notice by certified mail.

In light of the Court's conclusion as to the notice requirement, the Court does not reach the secondary issues under the MVWA regarding the Lohmanns' failure to participate in the Manufacturer's informal dispute resolution procedure under Tenn. Code Ann. § 55-24-106(a), or whether the alleged defects "substantially impaired" the vehicle.

## 2. Breach of Implied Warranty of Merchantability (Count II)

The Lohmanns allege breach of implied warranty against the Manufacturer, claiming "the vehicle's current condition is not consistent with safe and satisfactory normal course of use and operation for a vehicle." The Manufacturer seeks summary judgment because it is not in privity of contract with either of the Lohmanns. The Manufacturer relies on Tennessee's Products Liability Act for the principle that the requirement of privity has been removed only for product liability actions involving personal injury, death, or property damage (to property other than the allegedly defective property, itself). *See* Tenn. Code Ann. § 29-28-102(6) *First Nat'l Bank of Louisville v. Brooks Farms,* 821 S.W.2d 925, 931 (Tenn. 1991). The Manufacturer argues that the

Lohmanns' claim for economic losses only based on a breach of implied warranty of merchantability is not a products liability claim and privity of contract is still required. *Id.*

The facts are undisputed that the Lohmanns are not in privity of contact with the Manufacturer. The Court concludes the Lohmanns may not recover damages for purely economic losses based on their breach of implied warranty claim against the Manufacturer where they lack privity of contract with the Manufacturer. *Messer Griesheim Indus. v. Cryotech of Kingsport, Inc.*, 131 S.W.3d 457, 463 (Tenn. Ct. App. 2003) (citing *Ritter v. Custom Chemicides, Inc.*, 912 S.W.2d 128 (Tenn. 1995) (economic loss doctrine requires privity of contract). Accordingly, the Manufacturer's summary judgment motion on this claim should be granted as to both Mr. and Mrs. Lohmann.

### 3. Breach of Contract (Count III)

Based on the Lohmanns' lack of privity of contract, the Manufacturer argues the breach of contract claim also fails. The Lohmanns respond they do not assert as separate breach of contract claim against the Manufacturer, but assert a breach of the Range Rover's new vehicle limited warranty. The Manufacturer contends the express warranty claim fails because (i) the new vehicle limited warranty was not part of the basis of the bargain when Mr. Lohmann purchased the vehicle; (ii) there is no warrantable defect; and (iii) the Lohmanns cannot prove any damages resulting from any breach of the warranty. The Manufacturer argues that because Mr. Lohmann could not remember talking with the salesperson about warranties and did not recall looking at the warranty booklet, the Court should conclude, as a matter of law, that he was not "induced" by the new vehicle limited warranty in purchasing the Range Rover and it was not part of the basis of the bargain.

The Lohmanns contend their purchase of the Range Rover included a new vehicle warranty which is an express contract; the vehicle continues to have electronic defects that impair the Range

Rover's safety and use; the Manufacturer has been unable to cure or conform the vehicle to the warranty and it has failed its essential purpose; and the Lohmanns' remedy is damages for breach of the warranty contract. *See Watts v. Mercedes-Benz USA, LLC*, 254 S.W.3d 422, 425-26 (Tenn. Ct. App. 2007) (buyer has cause of action for breach of express warranty against the manufacturer and remedy available is recovery of money damages reasonably attributable to the breach).

The Court finds there are disputed issues of material fact as to whether there are warranted defects in the vehicle, whether the express warranty was breached by the Manufacturer, and whether any money damages are recoverable by Mr. Lohmann attributable to the breach of warranty. The Manufacturer's summary judgment motion should be denied as to the breach of express warranty claim brought by Mr. Lohmann, the purchaser of the Range Rover.

It is undisputed that Mrs. Lohmann is not a purchaser of the Range Rover and the Manufacturer's express warranty does not run in her favor. The Manufacturer's summary judgment motion should be granted on Mrs. Lohmann's breach of express warranty claim.

#### 4.  Violation of Tennessee Consumer Protection Act (Count IV)

The Lohmanns acknowledge that they do not assert a TCPA claim against the Manufacturer in their complaint. Accordingly, the Manufacturer's summary judgment motion on this claim should be granted as to both Mr. and Mrs. Lohmann.

#### 5.  Claim for Unjust Enrichment (Count V)

The Manufacturer contends the Lohmanns' alternative claim for unjust enrichment should be dismissed because (1) Mr. Lohmann has a contractual new vehicle limited warranty with the Manufacturer barring his alternative claim for unjust enrichment; and (2) Mrs. Lohmann did not purchase the Range Rover, is not a record owner and, as a matter of law has not "enriched" the Manufacturer. The Lohmanns respond they are entitled to recover unjust enrichment damages

measured by the difference between the purchase price paid for the Range Rover and the actual value of the vehicle they received in light of its defects.

A claim for unjust enrichment requires proof of (i) a benefit conferred on defendant by the plaintiff; (2) appreciation of the benefit by defendant; and (3) acceptance of the benefit by defendant such that it would be unjust for the defendant to retain the benefit without payment for the value thereof. *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005).

Because the Court has found Mr. Lohman has an express warranty contract with the Manufacturer, his alternative claim for unjust enrichment is barred. *Id.* at 524-25 (courts may only impose a contract implied in law, including unjust enrichment, where no contract exists).

Because the Court has found Mrs. Lohmann did not purchase the Range Rover, she does not have a contract with the Manufacturer and possibly could maintain a claim for unjust enrichment if the elements of the claim are shown. The alleged benefit conferred and unjust enrichment damages claimed are the difference in the purchase price paid and the value of the vehicle in light of the alleged defects. The Court concludes, as a matter of law, that Mrs. Lohmann was not the purchaser, she did not pay the purchase price of the vehicle, and has not conferred a benefit to the unjust enrichment of the Manufacturer in any amount. The Court cannot imply a quasi-contractual unjust enrichment theory of recovery where no benefit has been conferred. The Manufacturer's summary judgment motion should be granted as to the unjust enrichment claims of both Mr. and Mrs. Lohmann.

### B. The Dealer's Motion for Summary Judgment

#### 1. Motor Vehicle Warranty Act Claim (Count I)

The Dealer adopts the Manufacturer's arguments discussed above in support of the Dealer's separate motion for summary judgment to dismiss the Lohmanns' claims for violations

of the Motor Vehicle Warranties Act. The Dealer also moves for summary judgment of these claims on the grounds that it is "immune from suit" under the MVWA. By its terms, the MVWA statute, it applies only to manufacturers and Tenn. Code Ann. § 55-24-111 provides "no action shall be commenced or maintained under this chapter against the seller," absent specified circumstances that are not applicable here.

In response to the Dealer's motion, Mr. and Mrs. Lohmann concede the Dealer is entitled to summary judgment on their MVWA claim against the Dealer. Accordingly, summary judgment should be granted dismissing the Lohmanns' MVWA claim against the Dealer.

### 2. Breach of Implied Warranty of Merchantability (Count II)

The Dealer moves for dismissal of the breach of implied warranty of merchantability claim, arguing the Lohmanns have no proof of breach of warranty damages because the Dealer disclaimed all implied warranties in the "Retail Buyers Order" contract.

For the same reasons discussed above, Mrs. Lohmann was not a party to the purchase of the Range Rover, and she lacks privity of contract with the Dealer. Mrs. Lohmann cannot maintain a breach of implied warranty of merchantability claim where only economic losses are sought, as a matter of law, because she lacks privity with the Dealer.

Mr. Lohmann, as purchaser of the vehicle, has privity of contract with the Dealer and may assert a breach of implied warranty claim. Nevertheless, the Dealer contends Mr. Lohmann may not recover on this claim because (1) the Lohmanns have no evidence of diminution in value of the vehicle, and (2) the Dealer validly disclaimed all warranties in the parties' contract, the "Retail Buyers Order."

A portion of the Retail Buyers Order containing the disclaimer language is reproduced below, with the disclaimer language appearing in the second paragraph of the block text:

| MAKE USED CAR CADILLAC TRUCK | TYPE ESCALADE ESV | YR. 2016 | | |
|---|---|---|---|---|
| V.I.N. 1GYS4KKJ7GR409840 | MILEAGE 20287 | | | |
| CRYSTAL WHT | CASH ON DELIVERY | 5000.00 | | |
| | TOTAL DOWN PAYMENT | -11250.56 | | |
| SPECIAL NOTES | | | BAL. DUE | 134919.15 |
| BAL. IN 72 | MONTHS @ 2082.45 | BEGINNING 08/25/17 | TOTAL | 123668.59 |

| | | |
|---|---|---|
| Bal Due | 134919.15 | I hereby request, direct and authorize you to bill and deliver to me the above described motor vehicle. |
| Insurance $ Ded. | N/A | It is understood and agreed that no warranties of any kind or character express or implied are made by JAGUAR LAND ROVER NASHVILLE, its agents or employees or the manufacturer, on the vehicle or chassis described herein except that in the case of a new vehicle or chassis the printed Land Rover New Vehicle Warranty |
| Life Insurance | N/A | delivered to purchaser with such vehicle or chassis shall apply and the same is hereby applicable to such vehicle or chassis, and is expressly in lieu of all other warranties, expressed or implied including any implied warranty of merchantability or fitness for a particular purpose. |
| A & H | N/A | |
| Mech Break Down | N/A | USED CAR WINDOW STICKER: THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE. |
| Total | 134919.15 | I understand and agree that this instrument comprises the entire agreement pertaining to this purchase AND NO OTHER AGREEMENTS, VERBAL OR OTHERWISE IS UNDERSTOOD BY ME OR SHALL BE RECOGNIZED. |
| Interest | 15017.25 | This order is not valid unless signed and accepted by an official of JAGUAR LAND ROVER NASHVILLE and approved by a responsible bank or finance company as to any deferred balance. The parties agree that the contract |
| GRAND TOTAL | 149936.40 | is considered completed and finalized in Tennessee and that title to the vehicle passes at the Tennessee dealership. The parties also agree that any dispute regarding this contract shall be governed by the laws of the State of Tennessee in the courts of Williamson County, Tennessee. |
| 2082.45 | 72 | I certify that I am more than 18 years of age and I have read this entire agreement and by affixing my signature hereto fully understand and agree to the terms and conditions set forth herein. |
| TOTAL | 149936.40 | In the event of a price increase by the manufacturer before delivery I agree to pay this increase. |
| FINANCED BY US BANK N A | | PURCHASER MICHAEL R LOHMANN |
| APPROVED BY | | ACCEPTED BY |

THIS IS NOT AN ORDER UNTIL ACCEPTED BY AN OFFICIAL OF THE COMPANY

Tennessee's version of the Uniform Commercial Code ("UCC") prescribes the damages available for a breach of warranty claim for accepted goods as follows: "The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages in a different amount." Tenn. Code Ann. § 47-2-714(2).

The Dealer asserts the Lohmanns have no evidence of diminution in value because Mr. Lohmann testified the Range Rover was worth the amount that he paid for it (citing to Mr. Lohmann's deposition testimony). In response, the Lohmanns argue that Mr. Lohmann's testimony has been taken out of context and he was speaking about his value of the vehicle at the time of purchase before any defects were known to him. The Lohmanns also point to evidence of the remaining electronic defects that are present in the vehicle and evidence of the reduced present value of the vehicle. The Lohmanns also contend they may recover incidental and consequential damages under the UCC. Tenn. Code Ann. § 47-2-715. They point to evidence in the record of the periods of time that the vehicle was not available during repairs and the loss of use of their

time. The Court concludes that disputed issues of material fact exist as to the existence and amount of any damages incurred by Mr. Lohmann for the alleged breach of implied warranty precluding summary judgment.

With respect to the validity of the disclaimer, the UCC requires that any attempt to exclude or modify an implied warranty of merchantability "must mention merchantability and in case of a writing must be conspicuous . . . ." Tenn. Code Ann. § 47-2-316(2). "Conspicuous" is defined for purposes of the UCC as follows:

> "Conspicuous," with reference to a term, means so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it. Whether a term is "conspicuous" or not is a decision for the Court. Conspicuous terms include the following:
>
> (A)  A heading in capitals equal to or greater in size than the surrounding text, or in contrasting type, font, or color to the surrounding text of same or lesser size; and
>
> (B)  Language in the body of a record or display in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from surrounding test of the same size by symbols or other marks that call attention to the language;

Tenn. Code Ann. § 47-1-201(b)(10).

This court is to decide whether the disclaimer in the Retail Buyers Order is conspicuous, and in this case finds the Dealer's disclaimer does not satisfy the "conspicuous" requirement. There is no heading in capital letters or contrasting type, font, or color from the surrounding text to identify the disclaimer language. Instead, the disclaimer language appears within the second paragraph of the block text of the Retail Buyers Order in the same type, font, and color as the surrounding text and is not set off by symbols or other marks. The only language that appears in larger type is the Dealer's name. The Court concludes the disclaimer language of the Retail Buyers Order is not presented in a manner that a reasonable person against whom the disclaimer is to operate ought to have noticed it. The Dealer's motion for summary judgment on the breach of implied warranty claim against Mr. Lohman should be denied.

### 3. Breach of Contract (Count III)

The Dealer moves for dismissal of the breach of contract claim because the Lohmanns have no evidence the Dealer breached any provision of the Retail Buyers Order contract or proof of any damages resulting from the breach. The Lohmanns contend the Dealer breached the contract by delivering a defective vehicle to them. The Lohmanns further contend that the express warranty was not effectively disclaimed, and the vehicle sold fails to conform to the promised express warranty standards. As to damages, the Lohmanns contend that while the engine has been replaced, the vehicle continues to experience electronic problems that impair the Range Rover's safety and use, and they are damaged by the diminution in value, loss of use of the vehicle, and diminished performance of the vehicle.

As discussed above, Mrs. Lohmann did not purchase the Range Rover. She lacks privity of contract with the Dealer and cannot maintain a breach of contract claim against the Dealer. The Dealer's summary judgment motion should be granted as to Mrs. Lohmann's breach of contract claim.

With respect to Mr. Lohman's breach of contract claim against the Dealer, the Court finds there are disputed issues of material fact as to whether there was the Dealer breached the Retail Buyers Order, and whether Mr. Lohmann suffered damages attributable to any breach of contract. The Dealer's summary judgment motion should be denied as to Mr. Lohmann's breach of contract claim.

### 4. Violation of the Tennessee Consumer Protection Act (Count IV)

An individual has a private cause of action to recover damages under the TCPA who suffers an "ascertainable loss of money or property, real, personal or mixed, or any article, commodity, or thing of value," as a result of an unfair or deceptive acts or practices that are unlawful under the

TCPA. Tenn. Code Ann. § 47-18-109(a)(1). Unlawful unfair or deceptive acts or practices are set forth in § 47-18-104(b).

The Dealer claims the Lohmanns cannot recover for any TCPA violations relating to the alleged representations made regarding the Range Rover's coolant use and issues. Prior to the engine replacement, the Dealer claims the Lohmanns did not suffer any ascertainable loss because the coolant level was topped off by the Dealer at no charge to the Lohmanns. With respect to the later purchase of coolant by the Lohmanns, the Dealer claims there were no misrepresentations, but resulted from truthful statements by the Dealer instructing Mrs. Lohmann to purchase and add coolant to the vehicle. The Dealer requests an award of its attorneys' fees under the TCPA, claiming the Lohmanns TCPA claims are without legal or factual merit.

The Lohmanns respond the TCPA is a remedial statute and is to be liberally construed to effectuate its purpose to protect consumers. The Lohmanns argue the alleged misrepresentations need not be intentional or willful to be actionable under the TCPA. They claim they were misled about the defective condition of the Range Rover they purchased and suffered damages, including the diminution in value of the vehicle, cost of certain repairs, and consequential and incidental damages.

As the Court reads the TCPA allegations set forth in the complaint, the misrepresentations regarding the defects with the vehicle and the Dealer's attempts to conceal the serious nature of those defects were made only to Mrs. Lohmann. Consequently, the Court finds no unfair or deceptive acts or practices were directed to Mr. Lohmann, and the Dealer's summary judgment motion on the TCPA claim as to Mr. Lohmann should be granted. With respect to Mrs. Lohmann's TCPA claim, the Court finds there are genuine issues of material facts as to whether misrepresentations were made to Mrs. Lohman, whether she suffered an ascertainable loss, and, if

so, in what amount. The Dealer's summary judgment motion as to Mrs. Lohmann should be denied.

### 5. Claim for Unjust Enrichment (Count V)

The analysis applied to the Lohmanns' unjust enrichment claims against the Manufacturer also applies to the claims against the Dealer. It is undisputed that Mr. Lohman has a contract with the Dealer and his alternative claim for unjust enrichment is barred as a matter of law. *Freeman Indus.*, 172 S.W.3d at 524-25. It is also undisputed that Mrs. Lohmann did not purchase the Range Rover, she does not have a contract with the Dealer, and she may maintain a claim for unjust enrichment if the elements of the claim are shown. But where Mrs. Lohmann did not pay the purchase price of the vehicle, the Court concludes, as a matter of law, that Mrs. Lohmann did not confer a benefit to the unjust enrichment of the Dealer in any amount. The Dealer's summary judgment motion should be granted as to the unjust enrichment claims of both Mr. and Mrs. Lohmann.

## IV. CONCLUSION

It is, therefore, ORDERED that, pursuant to Rule 56 of the Tennessee Rules of Civil Procedure, Defendant Jaguar Land Rover North America, LLC's (the Manufacturer) *Motion for Summary Judgment* should be GRANTED, in part, and DENIED, in part, as follow:

A. There are no genuine issues of disputed material facts and the Manufacturer's summary judgment motion is hereby GRANTED, in part, dismissing the following claims:

1. Mr. and Mrs. Lohmann's claim for violations of the Motor Vehicle Warranty Act (Count I);

2. Mr. and Mrs. Lohmann's claim for breach of implied warranty of merchantability (Count II);

3. Mrs. Lohmann's claim for breach of the express warranty contract (Count III);

     4.    Mr. and Mrs. Lohmann's claim for violation of the Tennessee Consumer Protection Act (Count IV);

     5.    Mr. and Mrs. Lohmann's claims for unjust enrichment (Count V); and

B.    There are genuine issues of disputed material facts and the Manufacturer's summary judgment motion is DENIED, in part, as to Mr. Lohman's claim for breach of the express warranty contract (Count III).

It is further ORDERED that, pursuant to Rule 56 of the Tennessee Rules of Civil Procedure, Jaguar Land Rover Nashville's (the Dealer) *Motion for Summary Judgment* should be GRANTED, in part, and DENIED, in part as follows:

A.    There are no genuine issues of disputed material facts and the Dealer's summary judgment motion is hereby GRANTED, in part, dismissing the following claims:

     1.    Mr. and Mrs. Lohmann's claims for violations of the Motor Vehicle Warranty Act (Count I);

     2.    Mrs. Lohmann's claim for breach of implied warranty of merchantability (Count II);

     3.    Mrs. Lohmann's claim for breach of contract (Count III);

     4.    Mr. and Mrs. Lohmann's claims for unjust enrichment (Count V); and

B.    There are genuine issues of disputed material facts and the Dealer's summary judgment motion is DENIED, in part, as to the following claims:

     1.    Mr. Lohmann's claim for breach of implied warranty of merchantability (Count II); and

     2.    Mr. Lohmann's claim for breach of contract (Count III); and

     3.    Mrs. Lohmann's claim for violation of the Tennessee Consumer Protection Act (Count IV).

All other issues are reserved.

s/Patricia Head Moskal
PATRICIA HEAD MOSKAL
CHANCELLOR, PART I

**CERTIFICATE OF SERVICE**

I hereby certify that I am forwarding a true and exact copy of the foregoing via U.S. Mail, postage pre-paid, to the parties or their counsel named below.

Timothy N. O'Connor, Attorney at Law
TUNE, ENTREKIN & WHITE P.C.
500 Eleventh Avenue North, Suite 600
Nashville, TN 37203
toconnor@tewlawfirm.com

Ryan N. Clark, Attorney at Law
LEWIS THOMASON KING KRIEG &
WALDROP P.C.
Post Office Box 198615
Nashville, TN 37219-8615
rclark@lewisthomason.com

s/Julie Spencer
**Deputy Clerk & Master**

8/15/22
**Date**