IN THE UNITED STATES FEDERAL DISTRICT COURT
MIDDLE DISTRICT AT NASHVILLE

| | |
|---|---|
| AMY BLANKENSHIP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.3:22-cv-00809 |
| ) | JURY DEMAND |
| ) | |
| NISSAN NORTH AMERICA, INC., and ) | |
| MB OF MURFREESBORO NISSAN, LLC ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT NISSAN'S MOTION TO DISMISS

Comes now the Plaintiff, by and through her undersigned attorney, and opposes and requests an order dismissing the Motion to Dismiss filed by Defendant Nissan and responds to the Defendant's Memorandum of Law in Support of Motion of Defendant Nissan North America, Inc., To Dismiss Counts I and II of the Complaint for Failure to State a Claim on Which Relief Can Be Granted, as follows:

### I.

### LEGAL STANDARD

The Federal Rules of Civil Procedure require Plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2). In deciding a motion to dismiss under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir.2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir.2002). The court must assume that all of the

factual allegations are true, even if they are doubtful in fact. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In contrast, legal conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

A complaint does not need to contain "detailed factual allegations," although its allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. "Blanket assertions" or a "formulaic recitation of the elements of a cause of action" are not sufficient. Twombly, 550 U.S. at 555, 556 n. 3, 127 S.Ct. 1955. In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). The factual allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. At 1949–50. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. At 1950.

The legal standard has been more than met by the Complaint. The Plaintiff has pled specific and detailed allegations throughout the original complaint to raise plausible inference of wrongdoing. It is clear from the complaint that the Plaintiff was sold a vehicle which began having serious and major mechanical issues, made multiple attempts with the Defendants to have the vehicle repaired, and now owns a vehicle which has not been repaired and cannot be driven or used in the manner for which it was created. Some of these problems are detailed in the Complaint along with the various trips the dealership for service.

## II.
## BREACH OF CONTRACT CLAIM/WARRANTY CLAIM MEETS THE LEGAL STANDARD

The Complaint does allege a contract and attaches to the Complaint the Buyer's order for the vehicle which is significant evidence of a contractual relationship in this case with Nissan, through its authorized dealership. The Complaint itself, as discussed above, is not required to articulate every detail of its claims including the contract. A breach of contract claim is established with 1) an existing enforceable contract, 2) nonperformance of the contract and 3) damages. *Ingram v. Cedant Mobility Financial Corp.*, 215 S.W.3d 367, 374 (Tenn. App. 2006). Despite the conclusory statements of Nissan, the Complaint does: 1- allege the existence of a contractual relationship with Nissan; 2- It is also alleges facts which if true could support a claim breach of contract along with alleging damages. While Nissan may disagree as to the existence of a contract, that is not a defense ripe for a Motion to Dismiss. There have been sufficient facts alleged to meet the legal standard and this should be dismissed. Because the Motion fails on the breach of contract claim, it also fails as to request dismissal of the breach of Implied Warranty Claim.

## III.
## THE CONSUMER PROTECTION ACT CLAIM MEETS THE LEGAL STANDARD.

The Plaintiff in her Complaint goes through and in detail sets forth in paragraphs 1-19 specific allegations and details about the facts. Each of these allegations is incorporated by reference into the Consumer Protection Act Claims. For example, the Plaintiff details the problems with the vehicle. She details the many instances upon which she has sought help from

Nissan to fix this car. The Complaint lists dates. It attaches a letter largely ignored by Nissan. These facts all of which can establish the claims with the Consumer Protection Act.

In b(7), this vehicle sold as a new vehicle is represented by being new to be of certain quality standard. The facts in the Complaint establish that the Car is not of that quality or of that character. In b(19), the Complaint alleges the existence of a warranty which according to Nissan is to repair problems of this nature. But, as established by the facts alleged in the Complaint, Nissan refuses to fix the car and has therefore represented that it would do something it is now not doing, fix the vehicle. The vehicle cannot be used for transportation and was not free of mechanical defects, therefore the vehicle was misrepresented to induce the sale. The Plaintiff clearly states that the Defendants have violated the Tennessee Consumer Protection Act by participating in unfair and deceptive trade practices of selling a vehicle which they purported to be in good working order, when in fact, it had major mechanical defects most of which is detailed throughout the Complaint.

If the statements in the complaint were accepted as true, to state a claim to relief that is plausible on its face. The Plaintiff has clearly made multiple factual allegations that raise the right to relief above a speculative level and a court can draw a reasonable conclusion that the Defendants are liable for the alleged misconduct.

Nissan is not entitled to attorney's fees associated with seeking dismissal of Plaintiff's TCPA claim because, as set forth above, the TCPA action has legal and factual merit and meets the standard required for alleging the Consumer Protection Act claims. Nissan is not entitled to attorney's fees for defending against their actions or the actions of their agents on legitimate claims against them.

WHEREFORE, Plaintiff request that the Motion to Dismiss be denied and that Nissan be required to move forward and become accountable for the awful product it manufactured.

>
> Respectfully submitted,
>
> **/s/ Jay B. Jackson**
> JAY B. JACKSON #016745
> Attorney for Plaintiff
> MITCHELL & MITHCELL
> 106 East College Street
> Murfreesboro, Tennessee 37130
> (615) 896-4211
> jay@mitchellattorneys.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this will be sent to the Defendants attorneys through the court's electronic filing system.

Timothy N. O'Conner, Attorney at Law
TUNE, ENTREKIN & WHITE P.C.
500 Eleventh Avenue North, Suite 600
Nashville, TN 37203
tocnner@tewlawfirm.com

Ryan N. Clark, Attorney at Law
LEWIS THOMASON KING KRIEG & WALDROP P.C.
Post Office Box 198615
Nashville, TN 37219
rclark@lewisthomason.com

>
> **/s/ Jay B. Jackson**