IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMY BLANKENSHIP, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:22-cv-00809 |
| ) | |
| v. ) | Judge Richardson |
| ) | |
| NISSAN NORTH AMERICA, INC., and ) | Magistrate Judge Frensley |
| MB OF MURFREESBORO NISSAN, ) | |
| LLC, ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

### REPLY IN SUPPORT OF MOTION OF DEFENDANT NISSAN NORTH AMERICA, INC., TO DISMISS COUNTS I AND II OF THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff Amy Blankenship has not shown that either Count I or Count II of her Complaint states a claim upon which relief can be granted. Defendant NISSAN NORTH AMERICA, INC. ("NNA"), is not a party to the only contract to which she points in support of a breach of contract claim—the Vehicle Buyers Order. And she identifies no Tennessee Consumer Protection Act (TCPA) claim that she has pled with particularity. NNA is therefore entitled to dismissal of Counts I and II of Plaintiff's Complaint and to its attorney fees associated with seeking dismissal of Plaintiff's TCPA claim.

### ARGUMENT

**I. PLAINTIFF DOES NOT PLEAD THE EXISTENCE OR BREACH OF ANY CONTRACT WITH NNA.**

At least implicitly, Plaintiff concedes that she cannot recover from NNA for breach of contract unless she pleads and ultimately proves that NNA breached some contract that it had with her. This concession is consistent with the applicable law. "After *Iqbal*, a plaintiff must plead sufficient facts in the complaint to support *each element* of its cause of action." *Mike Vaughn*

1

*Custom Sports, Inc. v. Piku*, 15 F. Supp. 3d 735, 745 (E.D. Mich. 2014) (emphasis added); *accord Partee v. City of Memphis*, 449 F. App'x 444, 448 (6th Cir. 2011) (citation omitted). Here, therefore, Plaintiff's breach of contract claims are subject to dismissal unless she pleads "1) an existing enforceable contract, 2) nonperformance of the contract and 3) damages." (Plaintiff's Response, ECF No. 12, at 3, citing *Ingram v. Cedant Mobility Fin. Corp.*, 215 S.W.3d 367, 374 (Tenn. Ct. App. 2006).)

Plaintiff's Response does not identify where she pled the existence of a contract. Rather, she argues without any citation that "the Complaint does . . . allege the existence of a contractual relationship with" NNA. (*Id.*) But a close reading of the Complaint belies this assertion. Rather, Plaintiff pled that she "entered into a contract to purchase the Vehicle from *the dealership*," not from NNA. (Compl., ECF No. 1-1, ¶ 21.) She attached the contract with Nissan of Cool Springs—the Vehicle Buyers Order—as an exhibit to her Complaint.

Even if Plaintiff had pled that she had a contract with NNA, that would not be enough to overcome the fact that the terms of the Vehicle Buyer's Order reflect that it is a contract between Plaintiff, non-party Rory Thompson, Jr., and Nissan of Cool Springs to which NNA is not a party. Under Rule 10(c) of the Federal Rules of Civil Procedure, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commer. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). The "general rule [is] that in case of a variance between the allegations of a pleading and the recitals of an exhibit thereto attached, the exhibit will govern when the exhibit is the foundation of the pleading." *Consolidated Jewelers, Inc. v. Standard Financial Corp.*, 325 F.2d 31, 36 (6th Cir. 1963) (collecting cases). Nothing in the Vehicle Buyers Order suggests that NNA is a party to, or could have breached, the Vehicle Buyers Order.

The fact that Plaintiff identifies no contract between NNA and her also means that she cannot recover for breach of implied warranty. Plaintiff does not dispute that she must be in privity of contract with NNA to sustain a breach of implied warranty claim on the facts of this case. Rather, her entire argument on breach of implied warranty is that because NNA's "Motion fails on the breach of contract claim, it also fails as to request [*sic*] dismissal of the breach of Implied Warranty Claim." (Plaintiff's Response at 3.) In reality, because Plaintiff has no breach of contract claim against NNA she also has no viable breach of implied warranty claim against NNA.

## II. PLAINTIFF PLEADS NO TCPA CLAIM WITH PARTICULARITY.

In her Response, Plaintiff abandons her TCPA claims under Tenn. Code Ann. §§ 47-18-104(b)(5) and (b)(27), meaning that the Court should grant NNA's Motion as unopposed with respect to those subsections of the TCPA. She maintains, however, that the Complaint states a claim upon which relief can be granted under Sections 104(b)(7) and (b)(19). (Plaintiff's Response at 4.) The trouble with Plaintiff's position is that both of these sections require that Plaintiff plead and prove an actionable misrepresentation. They define as a deceptive act or practice the following:

> (b)(7): Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;
>
> (b)(19): Representing that a guarantee or warranty confers or involves rights or remedies which it does not have or involve; provided, that nothing in this subdivision (b)(19) shall be construed to alter the implied warranty of merchantability as defined in § 47-2-314;

Tenn. Code Ann. § 47-18-104.

Plaintiff does not dispute that she must plead with particularity any TCPA claim that sounds in fraud or misrepresentation. Nor does she dispute that the particularity requirement means she must plead "the time, place, and content of the alleged misrepresentation . . . ." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993). Yet, she does not point to *any*

3

misrepresentation by NNA pled with particularity in the Complaint, let alone a misrepresentation that violates either Section 104(b)(7) or Section 104(b)(19). Consequently, her TCPA claim is subject to dismissal

### III. NNA IS ENTITLED TO ATTORNEY FEES ASSOCIATED WITH SEEKING DISMISSAL OF PLAINTIFF'S TCPA CLAIM.

By abandoning her claims under Tenn. Code Ann. §§ 47-18-104(b)(5) and (b)(27), Plaintiff concedes implicitly that those claims were and are "without legal or factual merit," entitling NNA to attorney fees associated with seeking their dismissal. Tenn. Code Ann. § 47-18-109(e)(2). Her remaining TCPA claims fare no better because, as explained above, Plaintiff has not pled the requisite misrepresentation on either of them. In the absence of an actionable misrepresentation, the TCPA claims that Plaintiff has not abandoned likewise lack legal or factual merit, and NNA is therefore entitled to its attorney fees associated with seeking dismissal of all of Plaintiff's TCPA claims.

### CONCLUSION

Plaintiff has not met her burden of pleading the requisite facts supporting either her breach of contract or her TCPA claim. For that reason, NNA respectfully requests that the Court grant its Motion, dismiss with prejudice Counts I and II of the Complaint, and award NNA its costs and attorney fees associated with seeking dismissal of Plaintiff's TCPA claim.

Dated the 14th day of November, 2022.

Respectfully submitted,

LEWIS THOMASON, P.C.

By: /s/ Ryan N. Clark
Ryan N. Clark, B.P.R. No. 29105
Miles A. McDowell, B.P.R. No. 39356
424 Church Street, Suite 2500
Post Office Box 198615
Nashville, Tennessee 37219
(615) 259-1366 (telephone)
(615) 259-1389 (facsimile)
rclark@lewisthomason.com
mmcdowell@lewisthomason.com

*Attorneys for Defendant Nissan North America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the forgoing Reply has been served upon the counsel for the represented party in interest herein by operation of the Court's electronic case filing system and on the unrepresented party by United States Mail, first class postage prepaid:

| | |
|---|---|
| Jay B. Jackson, Esq.<br>MITCHELL & MITCHELL<br>106 East College Street<br>Murfreesboro, Tennessee 37130<br>jay@mitchellattorneys.com | MB of Murfreesboro Nissan, LLC<br>c/o Northwest Registered Agent Inc.<br>5810 Shelby Oaks Drive, Suite B<br>Memphis, Tennessee 38134 |

*Attorneys for Plaintiff*

Dated the 14th day of November, 2022.

/s/ Ryan N. Clark
Ryan N. Clark