IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMY BLANKENSHIP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NISSAN NORTH AMERICA, INC., and )<br>MB OF MURFREESBORO NISSAN, )<br>LLC, )<br>)<br>Defendants. ) | Civil Action No. 3:22-cv-00809<br><br>Judge Richardson<br><br>Magistrate Judge Frensley<br><br>JURY DEMAND |

## ANSWER OF MB OF MURFREESBORO NISSAN, LLC, TO PLAINTIFF'S COMPLAINT

COMES Defendant MB OF MURFREESBORO NISSAN, LLC ("Murfreesboro Nissan"), and, for answer to the Complaint stated against it in this matter, states as follows:

1. Murfreesboro Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 1 of the Complaint and, for that reason, denies them as permitted by Rule 8(b)(5) of the Federal Rules of Civil Procedure.

2. Murfreesboro Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph No. 2 of the Complaint and, for that reason, denies them as permitted by Rule 8(b)(5) of the Federal Rules of Civil Procedure. Murfreesboro Nissan admits the allegations of the second sentence of Paragraph No. 2 of the Complaint. The allegations of the third sentence of Paragraph No. 2 of the Complaint are neither a statement of the claim nor a demand for relief and therefore call for no response from Murfreesboro Nissan.

3. Murfreesboro Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 3 of the Complaint and, for that reason,

1

denies them as permitted by Rule 8(b)(5) of the Federal Rules of Civil Procedure. Murfreesboro Nissan denies that it has been involved in any sale transaction involving the 2021 Nissan Altima described in Paragraph No. 3 of the Complaint.

4. Murfreesboro Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 4 of the Complaint and, for that reason, denies them as permitted by Rule 8(b)(5) of the Federal Rules of Civil Procedure. Murfreesboro Nissan denies that manufactured the 2021 Nissan Altima described in Paragraph No. 3 of the Complaint.

5. The allegations of Paragraph No. 5 of the Complaint are an incomplete sentence and Murfreesboro Nissan consequently cannot respond to them.

6. Murfreesboro Nissan is without knowledge or information concerning when Plaintiff saw warning lights, but Murfreesboro Nissan admits that Plaintiff brought the 2021 Nissan Altima described in Paragraph No. 3 of the Complaint to Murfreesboro Nissan for diagnosis on or about November 11, 2021, and that as a result of that diagnosis Murfreesboro Nissan replaced the multi-way coolant valve.

7. Murfreesboro Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 7 of the Complaint and, for that reason, denies them as permitted by Rule 8(b)(5) of the Federal Rules of Civil Procedure.

8. Murfreesboro Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of Paragraph No. 8 of the Complaint and, for that reason, denies them as permitted by Rule 8(b)(5) of the Federal Rules of Civil Procedure. Murfreesboro Nissan admits that it replaced the engine of the 2021 Nissan Altima described in Paragraph No. 3 of the Complaint in November 2011.

9. Murfreesboro Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 9 of the Complaint and, for that reason, denies them as permitted by Rule 8(b)(5) of the Federal Rules of Civil Procedure.

10. Murfreesboro Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 10 of the Complaint and, for that reason, denies them as permitted by Rule 8(b)(5) of the Federal Rules of Civil Procedure.

11. Murfreesboro Nissan does not understand the allegations of Paragraph No. 11 of the Complaint and consequently cannot respond to them.

12. Murfreesboro Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 12 of the Complaint and, for that reason, denies them as permitted by Rule 8(b)(5) of the Federal Rules of Civil Procedure.

13. Murfreesboro Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 13 of the Complaint and, for that reason, denies them as permitted by Rule 8(b)(5) of the Federal Rules of Civil Procedure.

14. Murfreesboro Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 14 of the Complaint and, for that reason, denies them as permitted by Rule 8(b)(5) of the Federal Rules of Civil Procedure.

15. Murfreesboro Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 15 of the Complaint and, for that reason, denies them as permitted by Rule 8(b)(5) of the Federal Rules of Civil Procedure.

16. Murfreesboro Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 16 of the Complaint and, for that reason, denies them as permitted by Rule 8(b)(5) of the Federal Rules of Civil Procedure.

17. Murfreesboro Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 17 of the Complaint and, for that reason, denies them as permitted by Rule 8(b)(5) of the Federal Rules of Civil Procedure.

18. Murfreesboro Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 18 of the Complaint and, for that reason, denies them as permitted by Rule 8(b)(5) of the Federal Rules of Civil Procedure.

19. Murfreesboro Nissan is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 19 of the Complaint and, for that reason, denies them as permitted by Rule 8(b)(5) of the Federal Rules of Civil Procedure.

20. Murfreesboro Nissan incorporates the responses and defenses set forth in Paragraph Nos. 1 through 19, inclusive, of its Answer.

21. The averments of Paragraph No. 21 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

22. The averments of Paragraph No. 22 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

23. The averments of Paragraph No. 23 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

24. The averments of Paragraph No. 24 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

25. The averments of Paragraph No. 25 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

26. Murfreesboro Nissan incorporates the responses and defenses set forth in Paragraph Nos. 1 through 25, inclusive, of its Answer.

27. The averments of Paragraph No. 27 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

28. The averments of Paragraph No. 28 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

29. The averments of Paragraph No. 29 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

30. The averments of Paragraph No. 30 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

31. Murfreesboro Nissan incorporates the responses and defenses set forth in Paragraph Nos. 1 through 30, inclusive, of its Answer.

32. The averments of Paragraph No. 32 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

33. The averments of Paragraph No. 33 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

34. The averments of Paragraph No. 34 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

35. The averments of Paragraph No. 35 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

36. The averments of Paragraph No. 36 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

37. The averments of Paragraph No. 37 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

38. Murfreesboro Nissan incorporates the responses and defenses set forth in Paragraph Nos. 1 through 37, inclusive, of its Answer.

39. Murfreesboro Nissan denies the allegations of Paragraph No. 39 of the Complaint.

40. Murfreesboro Nissan denies the allegations of Paragraph No. 40 of the Complaint.

41. Murfreesboro Nissan denies the allegations of the first sentence of Paragraph No. 41 of the Complaint. The allegations of the second sentence of Paragraph No. 41 of the Complaint are neither a statement of the claim nor a demand for relief and therefore call for no response from Murfreesboro Nissan.

42. Murfreesboro Nissan denies the allegations of the first sentence of Paragraph No. 42 of the Complaint. The allegations of the second sentence of Paragraph No. 42 of the Complaint are neither a statement of the claim nor a demand for relief and therefore call for no response from Murfreesboro Nissan.

43. Murfreesboro Nissan denies the allegations of Paragraph No. 43 of the Complaint. Murfreesboro Nissan specifically denies that Plaintiff is entitled to attorney fees from it.

44. In response to the unnumbered preface to Count V, Murfreesboro Nissan incorporates the responses and defenses set forth in Paragraph Nos. 1 through 43, inclusive, of its Answer. The averments of Paragraph No. 44 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

45. The averments of Paragraph No. 45 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

46. The averments of Paragraph No. 46 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

47. The averments of Paragraph No. 47 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

48. The averments of Paragraph No. 34 of the Complaint are not directed to Murfreesboro Nissan and therefore call for no response from Murfreesboro Nissan.

49. Murfreesboro Nissan denies that Plaintiff is entitled to any of the relief sought in the unnumbered Prayer for Relief following Paragraph No. 48 of the Complaint, including Subparagraphs 1 through 7, inclusive, and Murfreesboro Nissan prays that the Court dismiss with prejudice Plaintiff's claims against it, award Murfreesboro Nissan all costs to which it is entitled (including discretionary costs under Rule 54(d) of the Federal Rules of Civil Procedure), and grant Murfreesboro Nissan all other relief to which it is entitled.

50. Murfreesboro Nissan denies all allegations of the Complaint not specifically admitted herein.

Pursuant to Rule 8.03 of the Federal Rules of Civil Procedure, Murfreesboro Nissan pleads its defenses and affirmative defenses.

51. Plaintiff's claim for attorney fees does not state a claim upon which relief can be granted.

52. To the extent proven applicable by investigation and discovery and to avoid waiver, Murfreesboro Nissan pleads Plaintiff's comparative fault.

53. Murfreesboro Nissan pleads the defenses of release, waiver, and estoppel, if proven applicable by investigation and discovery.

54. Murfreesboro Nissan demands a jury of at least six persons to try all issues so triable.

WHEREFORE Defendant MB OF MURFREESBORO NISSAN, LLC, prays the Court dismiss with prejudice Plaintiff's claims against it, award Murfreesboro Nissan all costs to which it is entitled (including discretionary costs under Rule 54(d) of the Federal Rules of Civil Procedure), and grant Murfreesboro Nissan all other relief to which it is entitled.

Dated the 6th day of December, 2022.

Respectfully submitted,

LEWIS THOMASON, P.C.

By:/s/ Ryan N. Clark
Ryan N. Clark, B.P.R. No. 29105
Miles A. McDowell, B.P.R. No. 39356
424 Church Street, Suite 2500
Post Office Box 198615
Nashville, Tennessee 37219
(615) 259-1366 (telephone)
(615) 259-1389 (facsimile)
rclark@lewisthomason.com
mmcdowell@lewisthomason.com

*Attorneys for Defendant*
*MB of Murfreesboro Nissan, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the forgoing Answer has been served upon the counsel for the parties in interest herein by operation of the Court's electronic case filing:

Jay B. Jackson, Esq.
MITCHELL & MITCHELL
106 East College Street
Murfreesboro, Tennessee 37130
jay@mitchellattorneys.com

*Attorneys for Plaintiff*

Dated the 6th day of December, 2022.

/s/ Ryan N. Clark
Ryan N. Clark